UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS R. COOKISH,

    Petitioner,

v.                                                        Case No. 8:12-CV-1573-T-30MAP

PAIGE AUGUSTINE, WARDEN,
FCI, MARIANNA, et al.,

    Respondents.
_____/

## **O R D E R**

This matter is before the Court for consideration of Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus ("petition") (Dkt. 1), memorandum of law in support of the petition (Dkt. 2), and motion to proceed in this action *in forma pauperis* (Dkt. 3). Upon consideration of Petitioner's petition and memorandum of law, the Court concludes that this action should be dismissed without prejudice.

Because Petitioner is incarcerated in a federal prison facility located in Marianna, Florida, he should have filed his petition with a federal district court located in that geographic area, i.e., the United States District Court, Northern District of Florida. *See United States v. Saldana*, 273 Fed.Appx. 845, 846 (11th Cir. 2008) (unpublished opinion) (stating that "[o]nly a court inside the district where the petitioner is confined has jurisdiction to grant relief pursuant to a § 2241 petition") (citations omitted). *See also Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir.2001) ("the district of incarceration is the only district that has

jurisdiction to entertain a defendant's § 2241 petition") (citations omitted).[1]

ACCORDINGLY, the Court **ORDERS** that:

1. The petition (Dkt. 1) is **DISMISSED** without prejudice to Petitioner filing the petition in the appropriate court.

2. The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 24, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[1] The Court takes judicial notice of information available July 23, 2012, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Pinellas County, Florida, http://www.pinellasclerk.org, which indicates that a sentencing hearing is scheduled for September 14, 2012, in both cases CRC-0021654-CFANO and CRC-0105168-CFANO. Therefore, Petitioner's criminal proceedings remain pending before the state trial court. Consequently, the Court cannot recharacterize the petition as filed pursuant to 28 U.S.C. § 2254. *See Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir. 2003). *See also Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002) (finding federal habeas petition was not ripe for review when state judgment was not yet final).